**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Kareem Doe
Plaintiff
V.

Hirect One, Inc.
Defendant

**Plaintiff's Motion To File Complaint Using A Pseudonym, with Attached Brief or Exhibit(s) Under Seal and or In The Alternative, Under Seal Or In The Alternative, For Leave To File With Redactions.**

Comes now, Plaintiff Kareem Doe, and upon the papers annexed hereto moves this Court for leave to file his complaint under pseudonym or in the alternative under seal or in the alternative for leave to file his with certain portions redacted.

/s/<u>Kareem Doe</u>

Dated: July 25th, 2022
New York, NY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Kareem Doe,
Plaintiff

V.

Hirect One, LLC
Defendant

**Plaintiff's Memorandum of Law In Support of Motion To File Complaint Using A Pseudonym, with Attached Brief or Exhibit(s) Under Seal and or In The Alternative, Under Seal Or In The Alternative, For Leave To File With Redactions.**

Legal Argument

I. **The Plaintiff's Brief Contains References to Personal Health Matters That Are Not of Public Interest and Therefore Overcomes Both A Constitutional Right of Access and a The Common Law Presumption of Access**

The Plaintiff throughout the brief makes reference to personal health matters which have been traditionally regarded under the law as a lawfully recognized privacy interest. The common-law presumption of access can be overcome if a sufficiently compelling countervailing interest is demonstrated. Here, the Plaintiff asserts that his privacy interest in this regard overcomes the presumption of public access to this information. "Numerous courts have found privacy interests worthy of protection such as business and financial records, account information, personal identifiers, third-party letters of support, and family matters such as medical conditions or embarrassing conduct with no public ramifications. See *Lugosh*, 435 F.3d at 120 (privacy interests); *Amodeo II,* 71 F.3d at 1051 (same); *United States v. Tangorra*, 542 F. Supp.2d 233, 237 (E.D.N.Y. 2008) (sentencing letters); United States v. Sattar, 471 F. Supp.2d 380, 386 (S.D.N.Y. 2006) (same)*; United States v. Gotti,* 322 F. Supp.2d 230, 249 (E.D.N.Y. 2004) (same); *United States v. Lawrence*, 167 F.Supp.2d 504, 508 (N.D.N.Y. 2001) (same); *Raybould,* 130 F. Supp.2d at 831 (substantial assistance motion)."*U.S. v. Strevell,* No. 05-CR-477 (GLS), at *12-13 (N.D.N.Y. Mar. 3, 2009).

II. **Redactions Are Permissible if They Are Narrowly Tailored To Preserve Higher Values**

The Plaintiff throughout his complaint makes reference to various medical issues that are also traditionally regarded as private and compelling their disclosure would not serve the interest of preserving higher values, the Plaintiff has submitted An unredacted of the complaint to the court, and "[D]ocuments

may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The crux of the instant case and the gravamen of the complaint are allegations of fraud and emotional distress however permitting the plaintiff to proceed anonymously or under seal guards these "higher values" and ensures that he will not be exposed to opprobrium or further discrimination due to his potentially terminal illness and taking legal action to enforce his rights. See *Lauren B. v. Baxter Int'l Inc.,* 298 F.R.D. 571 (N.D. Ill. 2014) (potentially impeded recovery from life threatening illness sufficient to warrant proceeding anonymously), "Social stigma may be sufficient to warrant proceeding anonymously." *Doe v. UNUM Life Ins. Co. of Am.,* 1:21-cv-00115-MV-LF (D.N.M. June 21, 2021). "Moreover, in comparison to [a]plaintiff's interest in [his]privacy, the First Amendment interest in access to the plaintiff's name in the course of these proceedings appears to be primarily theoretical. Over a century ago, Samuel Warren and Louis Brandeis argued compellingly for the legal recognition of a personal right to privacy. They wrote that " modern enterprise and invention have, through invasions upon [an individual's] privacy, subjected him to mental pain and distress, far greater than could be inflicted by mere bodily injury." Warren & Brandeis, The Right to Privacy, 4 Harv.L.Rev. 193, 196 (1890). The modern invention of today includes access to court files by those surfing the Internet. *New York Blood Center,* 213 F.R.D. 108 (E.D.N.Y. 2003) ( holding that highly sensitive and life threatening medical conditions at issue are sufficient basis to proceed under pseudonym.)

### III. The Public has an Atypically Weak Interest In The Allegations.

Again, in the case at bar, supporting the case for anonymity is that the central issues are fraud and emotional distress, this case does not involve a public figure, and more courts in this District have held that even where a finding of harm from public disclosure or an *atypically* weak public interest in cannot be made, a Plaintiff may still proceed anonymously where there is 1.) The case involves purely legal issues and 2.) A cognizable privacy interest can be stated. See  A*nna Doe v. The City of New York, Detective Richard Hall, Detective Eddie Martins, and Police Officer Gregory Markov* 18-cv-670 (ARR) (JO) UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK ( January 9, 2020, Memorandum Order and Opinion, granting in part and denying in part Def. ['s] motion to seal).

### IV. The Plaintiff Is Particularly Vulnerable to Harm if Required to Disclose His Identity.

The Plaintiff's conditions and the nature thereof put him at risk of adverse health events owing to stressors, and therefore to the extent that such stressors can reasonably be avoided without sacrificing the integrity of the judicial process the court should allow the Plaintiff to proceed anonymously or under seal. Here, the complaint contains references to medical conditions and the impact thereof. A plaintiff may be permitted to proceed using a fictitious name "where there are significant privacy interests or threats of physical harm implicated by disclosure," *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989). The Second Circuit has recognized that in certain circumstances the nature of the claims or medical issues may be highly sensitive and personal or

may expose a plaintiff to harm or ridicule if disclosed, see *Powell v. Schriver*, 175 F.3d 197, 111 (2d Cir. 1999).

The Plaintiff suffers from a highly unusual number of conditions, the Plaintiff experiences the following symptoms including shortness of breath, and palpitations, presyncope, and his blood pressure has chronically and consistently been in the range of pressures often above a diastolic 200 mmHg and systolic of 100 or more over a period of years and is currently being treated with several hypertension medications. Additionally, the Plaintiff has been diagnosed with multiple genetic conditions that affect his entire body, including Ehlers Danlos Syndrome, a rare connective tissue disease that often leaves him with joint pain.

In December of 2022, the Plaintiff was diagnosed with end stage renal disease (ESRD). The Plaintiff must attend dialysis 3 times per week and each visit lasts multiple hours. The Plaintiff was also recently diagnosed with Hypertrophic Cardiomyopathy (HCM) and consequently experiences severe anxiety, and is at risk for adverse cardiac events, is at increased risk for stroke compared to healthy persons his age and has been medically advised to avoid unnecessary stress. The Plaintiff has also been recently diagnosed with congestive heart failure (CHF). The Plaintiff has filed suit before but in many of those occasions he had not yet received a diagnosis of CHF nor HCM nor any of them had he yet experienced the added stressor of kidney failure. "[We]have repeatedly found that determining the strength of this interest requires taking into account the seriousness of the condition and the stigma associated with it." *Hancock v. Cnty. of Rensselaer,* 882 F.3d 58 (2d Cir. 2018).

Every one of these conditions is exacerbated by stress, which to some extent in life we must all manage or endure to the best of our ability, however in, the Plaintiff's case the Plaintiff faces a direct risk that excessive stress may cost him his life owing to a genetically compromised circulatory system. The Plaintiff must endure a battery of tests in order to qualify for a kidney, and must also maintain regular life

sustaining treatment. If the Plaintiff is not allowed to proceed anonymously the stress of even the portent of stigma in light of the circumstances, would then be added to the Plaintiff's burden of managing his somewhat extraordinary set of conditions and would invariably increase and intensify stress.

Moreover, the Plaintiff has a *bona fide* diagnosis of anxiety which also would be exacerbated by disclosure. Given that it is generally accepted both by medical experts and laymen alike in our society, it is common knowledge that a direct correlation between excessive stress and cardiovascular events exists in the Plaintiff's particularized circumstances; the Plaintiff is at increased risk of physical harm from excessive stress in so far as such stress could precipitate adverse cardiovascular events and induce physical distress at a minimum, given the Plaintiff's near daily history of stroke level blood pressure readings and his above average risk of atrial fibrillation, and stroke compared to those outside of the Plaintiff's patient population. The Plaintiff's medical records show first degree relatives that have died from cardiovascular events, he also suffers from obstructive sleep apnea another known risk factor[1] for adverse cardiovascular events[2]. Full disclosure and the risk of harm given the plaintiff's especial circumstances .i.e. the number and combination of conditions is certainly something *more than purely speculative*.[3][4]

Disclosure would publicize the Plaintiff's terminal kidney disease. None of the other conditions the Plaintiff suffers from are *per se* terminal. However, without hemodialysis, or a transplant, end stage renal disease is almost certain to result in death if left untreated to avoid this fate the Plaintiff must keep up with his dialysis treatments otherwise death is all but certain.

---

[1] https://www.webmd.com/heart-disease/atrial-fibrillation/afib-heart-failure
[2] https://www.sleepfoundation.org/sleep-apnea/sleep-apnea-linked-heart-disease quoting at footnote 8, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3106988/#R32
[3] **https://www.ahajournals.org/doi/10.1161/STROKEAHA.121.034213**
[4] **https://pubmed.ncbi.nlm.nih.gov/34601900/ https://4hcm.org/stroke/**.

At issue here, would be the Plaintiff's *combination* of multiple genetic conditions *and* terminal kidney disease. Plaintiff wishes to keep this diagnosis private and given its potentially fatal nature especially exacerbated by the separate but related issues of CHF and HCM presents an unusual risk of bona fide seriously adverse physiological distress that could result in rupture of aorta, aneurysm, ischemia, all of which place the Plaintiff at risk of physical damage.  "When evaluating a request by a party to proceed anonymously or by pseudonym, courts consider numerous factors, including " whether identification would put the [affected party] at risk of suffering physical or mental injury."  *Guerrilla Girls, Inc. v. Kaz,* 224 F.R.D. 571 (S.D.N.Y. 2004) quoting *EW v. New York Blood Center,* 213 F.R.D. 108, 111 (E.D.N.Y.2003).The Plaintiff's mental and physical health is served by allowing the Plaintiff to proceed anonymously, because of this risk the Plaintiff has constitutional privacy interest that overcomes the public right of access.

### V.     The Case Involves Matter of Highly Sensitive and Personal and Nature.

Health matters have traditionally been regarded as "highly sensitive matters" and the inclusion thereof in the complaint as they relate to damages and other factual allegations against the defendant meets this particular criterion of the Second Circuits test for determining whether or not to allow Plaintiffs to proceed under a Pseudonym. The forced publicizing of his condition puts the Plaintiff at risk for social stigma, the symptoms See *Doe v. Unum Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140 (N.D. Cal. 2016) (holding that health condition's commonality or lack thereof is a key factor in determining the risk of stigmatization but ultimately denying plaintiff's motion).

Here, the Plaintiff's ESRD diagnosis by itself is not uncommon however, but said diagnosis being accompanied by 2 additional and distinctly genetic conditions is. "[T]he Supreme Court has recognized a constitutional privacy right protecting the individual interest in avoiding disclosure of personal matters, and the Second Circuit has held that this right encompasses information about the state of one's health, reasoning that there are few matters that are quite so personal as the status of one's health, and few matters the dissemination of which one would prefer to maintain greater control over," *Fleming v. State University of New York,* 502 F. Supp. 2d 324 (E.D.N.Y. 2007), internal citations omitted.

The Plaintiff need not show that his illness or combination thereof will inevitably provoke intolerance or stigmatization but only a reasonable likelihood. ("It is beyond question that sickle cell anemia is a "serious medical condition" within the meaning of the phrase at [sic] it appears in Doe. Sickle cell anemia is incurable; it causes the plaintiff to experience periodic, painful attacks; and it has the potential to be fatal — indeed, it caused the death of plaintiff's own sister. Moreover, like the medical conditions at issue in Doe and Powell, sickle cell anemia has the potential to provoke intolerance and discrimination. Defendants mischaracterize Doe and Powell as requiring that a medical condition "inevitably" provoke such reactions before finding a right to privacy. In fact, those cases indicate that a constitutional privacy right exists where a serious medical condition is "likely" to arouse "hostility and intolerance,", or where disclosure "potentially" exposes a plaintiff to "discrimination and intolerance," ") *Id.*

Although the patient does not have sickle cell anemia, the diseases have some notable commonalities 1.) ⅓ rd of sickle cell patients will go on to develop ESRD caused by sickle cell

anemia[5] 2.) - both cause reduced blood cell count, and 3.) Both diseases are commonly known to frequently result in death. Ergo, the court should extend the same privacy interest rights to the Plaintiff's ESRD diagnosis as it has done with sickle cell anemia.

## VI.   Defendant Would Not Suffer Prejudice if The Court Allows Him to Proceed under a Pseudonym.

While Plaintiff would be harmed if required to proceed using his name, Defendants are unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed anonymously. Defendants are already aware of Plaintiff's identity. "Allowing Plaintiff to proceed under a pseudonym will not inhibit Defendants' ability to litigate this case". See *Doe v. Colgate Univ.,* 2016 U.S. Dist. Lexis 48787, *10 (N.D.N.Y. Apr. 12, 2016); citing *Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers."); see also *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y. 1988)(allowing plaintiff to proceed pseudonymously and reasoning that Defendant will not be harmed because it already knows plaintiff's identity and "it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action.").

---

[5] *Mortality in Adults with SCD and ESRD | CDC*. (2020, May 13). Centers for Disease Control and Prevention.
https://www.cdc.gov/ncbddd/sicklecell/features/keyfindings-sicklecell.html#:%7E:text=Nearly%20a%20third%20of%20people,comes%20after%20chronic%20kidney%20disease.

VI.  **Conclusion**

For the foregoing reasons the Plaintiff's motion to proceed under a pseudonym should be granted or in the alternative, the Plaintiff's complaint and the brief accompanying the should be redacted or sealed.

/s/Kareem Doe
Pro se

Dated: July 25th, 2022
New York, NY