USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM DOE,

                Plaintiff,

      v.

HIRECT ONE, INC.,

                Defendant.

22-CV-6417 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On July 27, 2022, Plaintiff filed a *pro se* complaint in this action, raising claims against his former employer, Hirect One, Inc., for fraud, negligent infliction of emotional distress, and tortious interference with business relationships. He alleges that Defendant constructively denied him reasonable accommodations for disabilities arising from his multiple chronic medical conditions, leading to Plaintiff's constructive discharge. When Plaintiff alerted Defendant of his intent to file a charge of discrimination with the EEOC, Defendant allegedly offered to settle in exchange for Plaintiff's waiving his right to sue. Plaintiff asserted that Defendant made false statements to him to induce him to sign such a contract. According to Plaintiff, Defendant then informed Plaintiff that it would be unable to pay the settlement proceeds until July 31, 2022.

      Plaintiff has also filed a motion to proceed under a pseudonym. He explains that he suffers from serious medical conditions, all of which are exacerbated by stress. In support of his motion, Plaintiff argues that (1) he has a privacy interest maintaining the confidentiality of his personal health matters and (2) disclosing his conditions by proceeding in this action under his true name would create additional stress that would exacerbate his conditions.

      Federal Rule of Civil Procedure 10(a) provides that a complaint "must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial

proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). In deciding whether to permit a litigant to proceed anonymously, the Second Circuit has set out a list of factors courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190.[1] In considering these factors and exercising its discretion in deciding whether to allow a plaintiff to proceed anonymously, "the ultimate question is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003).

Plaintiff argues that his privacy interests in concealing his medical conditions outweigh the presumption of public access—but the conditions that have been deemed to justify anonymity for that reason are conditions that carry significant social stigma, including sexually transmitted or blood-transmitted diseases. *See, e.g., id.* at 112 (granting a motion to proceed anonymously when a plaintiff had HBV); *Doe v. St. Vincent's Servs., Inc.*, No. 20-CV-6215 (WFK) (RML), 2021 WL

---

[1] Unless otherwise noted, case quotations omit all internal quotations marks, citations, alterations, and footnotes.

7909266, at *2 (E.D.N.Y. Sept. 29, 2021) ("[F]ederal and state . . . courts have granted people living with HIV/AIDS, and other sexually and blood-transmitted diseases to proceed pseudonymously"); *Doe v. Barr*, No. 19-CV-4887 (AJN), 2020 WL 4748297 (S.D.N.Y. Aug. 16, 2020) (granting a motion to proceed anonymously when "the underlying facts of [a petitioner's] petition are highly sensitive and personal, involving his HIV status, history of abuse, and history of mental illness"); *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases discussing the privacy interests that have warranted the use of fictitious names, including abortion and mental illness). Although some of the conditions from which Plaintiff suffers are undoubtedly serious, they are not similarly associated with social stigma.

Plaintiff also argues that disclosing his conditions will increase his stress and consequently exacerbate his conditions, thus exposing him to a risk of physical harm. But the physical harm the Second Circuit discussed in *Sealed Plaintiff* was the risk of "retaliatory" physical harm. 537 F.3d at 190. Nor will the injuries at issue in Plaintiff's Complaint be exacerbated by the disclosure of Plaintiff's identity.

Because Plaintiff's "case is not so unusual or exceptional that anonymity is warranted," his motion to proceed anonymously is denied. *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1142 (N.D. Cal. 2016). That said, the Court recognizes that Plaintiff has a legitimate privacy interest in his personal medical information, and that courts have previously permitted plaintiffs to redact such information from their complaints. *See, e.g.*, *Rose v. Partnow*, No. 21-CV-3968 (EK) (LB), 2022 WL 504392, at *2 (E.D.N.Y. Feb. 18, 2022) (denying a motion to proceed anonymously but allowing the plaintiff to submit a revised version of his complaint that redacted information about his sensitive medical conditions); *Myers v. Dolac*, No. 09-CV-6642 (MWP),

2011 WL 4553107, at *5 (W.D.N.Y. Sept. 29, 2011) (redacting a *pro se* plaintiff's proposed amended complaint to remove any mention of the plaintiff's medical condition).

      Accordingly, within fourteen days from the date of this Order, Plaintiff shall file redacted versions of his complaint and his motion to proceed anonymously, in which he redacts only the details of his sensitive medical information.  **In both of these filings, he shall include his true name and address.**  During this time period, the Court will temporarily seal those filings.  If Plaintiff does not submit redacted versions of those documents that include his true name and address, or submits documents that redact anything more than specific indications of his medical conditions, the original filings will be unsealed.[2]

SO ORDERED.

Dated:    August 30, 2022
            New York, New York

                                              Ronnie Abrams
                                              United States District Judge

---

[2] As Plaintiff has paid the filing fees in this action, the Clerk of Court issued a summons to Defendant Hirect One, Inc. on August 9, 2022.